UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                                                         609-989-0478
United States Bankruptcy Judge                                                                          609-989-2259 Fax

December 18, 2012

VIA Regular Mail:
Yvonne Ann Hopkins
1502 Hampton Lane
Iselin, NJ 08608
Pro Se Debtor

VIA ECF:
Valerie A. Powers Smith, Esq.
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262
Attorney for Creditor Valerie A. Powers Smith, Esq.

Karen Bezner, Esq.
567 Park Avenue, Suite 103
Scotch Plains, NJ 07076
(908) 322-8484
Attorney for Trustee, Karen Bezner, Esq.

Re:  In re Yvonne Ann Hopkins (Chapter 7) (MBK)
Case No. 12-19513

Dear Ms. Hopkins and Counselors:

This matter is before the Court upon the motion ("Motion") filed by Yvonne Ann Hopkins ("Debtor") seeking a Finding of Contempt and for Sanctions for Violation of the Automatic Stay against Valerie A. Powers Smith, Esq. ("Ms. Smith").  Ms. Smith opposes the Debtor's Motion.  The Court has reviewed the pleadings and exhibits submitted and entertained oral argument on November 26, 2012.  The Court issues the following ruling:

**I.     Jurisdiction**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(b) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

**II.    Background**

The Debtor retained Ms. Smith in April 2010 to represent the Debtor in an application to obtain guardianship over her mother. Before the full disposition of the guardianship application, Ms. Smith petitioned the court and was granted a discharge as counsel due to a breakdown in the attorney-client relationship. Following Ms. Smith's discharge, the Debtor failed to make payment to Ms. Smith for services rendered. Ms. Smith engaged in collection practices, participated in arbitration and ultimately obtained a judgment and judicial lien ("Judgment") against the Debtor in the amount of $58,316.78.

The Debtor filed a voluntary Chapter 7 bankruptcy petition on April 11, 2012. Thereafter, Ms. Smith filed an Adversary Proceeding against the Debtor seeking to prevent a discharge of the Judgment and also seeking an accounting of a Special Needs Trust ("SNT") for which the Debtor is a Trustee for the benefit of the Debtor's adult disabled son. In her adversary complaint ("Complaint"), Ms. Smith submits that her outstanding fees increased to $76,967.14.

The Debtor alleges that Ms. Smith never ceased collection efforts despite the fact that the Debtor filed for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

The Debtor bases her motion on statements made by Ms. Smith in her Complaint and on the increase in the amount of legal fees sought. Ms. Smith certifies that she ceased all collections activities pursuant to 11 U.S.C. §362. For the reasons that follow, the Court will DENY the Debtor's Motion.

### III. Analysis

The Court has fully reviewed the exhibits submitted by the Debtor as well as the documents to which she cites in her moving papers. There is nothing before the Court which suggests that Ms. Smith is currently engaging in, or has engaged in, collection efforts since the date that the Debtor filed her bankruptcy petition. There is no evidence that the Debtor has been contacted by either by Ms. Smith, or any of her employees or agents, in an attempt to collect on the debt owed to her by the Debtor.

The Debtor submits that Ms. Smith cannot increase the amount of her Judgment. *Certification in Support of Debtor's Motion*, Docket Entry No. 38-1, 5. Indeed, Ms. Smith may not, and is not, seeking to increase the amount of her Judgment, which remains $58,316.78. However, Ms. Smith is incurring attorney's fees and expenses related to her efforts to defend her Judgment in the Debtor's bankruptcy, which she is pursuing by way of the adversary proceeding, 12-01740 (MBK). Contrary to the Debtor's assertion, the "act of recording and maintaining an on-going bill" does not constitute collection efforts. *Id.* The billing records and statements upon which the Debtor bases her Motion denote simply that Ms. Smith has incurred fees and costs in her effort to protect her Judgment from discharge and to seek the Debtor's true financial position and assets. The Debtor has not submitted any documentation demonstrating that Ms. Smith has

contacted the Debtor independent of any bankruptcy filing to seek payment on the debt owed, which *would* constitute collection efforts. Rather, the documents cited by the Debtor indicate that Ms. Smith has ceased collection efforts and is instead pursuing her rights within the Debtor's bankruptcy. Collection of the debt owed to Ms. Smith may not, and by law cannot, resume until such time as the Court renders a decision regarding the adversary proceeding and/or the ultimate disposition of the Debtor's bankruptcy. At that time, if appropriate, Ms. Smith may seek payment for the amount of the Judgment from the Debtor as well as the attorney's fees and costs associated with defending that Judgment within the Debtor's bankruptcy if warranted by law.

**IV.    Conclusion**

For the reasons set forth above, the Debtor's Motion is **DENIED**. The Court will enter an Order consistent with this Letter Opinion.

*[signature]*

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: December 18, 2012